# Morgan Lewis

**Michael L. Banks**
Partner
+1.215.963.5387
michael.banks@morganlewis.com

<u>**VIA ECF**</u>

Magistrate Judge Katharine Parker
U.S. District Court for the Southern District of New York
500 Pearl St., New York, NY 10007

Re:   <u>Pauwels v. The Bank of New York Mellon Corp., et al,</u> Case No. 1:19-cv-02313

Dear Judge Parker:

We represent The Bank of New York Mellon Corporation and The Bank of New York Mellon (collectively, "the Bank" or "Defendants"). The Bank submits this letter motion to compel Plaintiff to cure the deficiencies in his responses to Defendants' First Set of Interrogatories (attached as Exhibit A).

Plaintiff's sole remaining claim in this matter is a narrow one for unjust enrichment. Plaintiff was a consultant who assisted the Bank in evaluating and monitoring certain investments. The Bank provided financial data to Plaintiff, who then used that information to generate spreadsheets for each of the potential investments. In 2016, the Bank began transitioning Plaintiff's monitoring work to Deloitte, and some of the spreadsheets Plaintiff delivered to the Bank were shared with Deloitte as part of that transition. The crux of Plaintiff's claim is his allegation that "[b]y taking the Pauwels Model and Pauwels Model Spreadsheets and giving them to Deloitte to use and copy, [] BNYM enriched themselves by avoiding the time and expense of paying Deloitte to develop their own model for analyzing BNYM's wind-energy investments. Second Amended Complaint ("Complaint") at ¶ 109.

Plaintiff relies principally on conversations he purportedly had with Bank employees. The Complaint attributes statements to several unidentified Bank employes, yet Plaintiff refuses to identify these employees in response to the Bank's interrogatories. Plaintiff similarly refuses to answer a straightforward interrogatory requesting that he identify other individuals who have provided him with a statement regarding the allegations underlying his claim.

On February 13, 2024, we wrote to Plaintiff's counsel (the Bank's February 13, 2024 letter is attached as Exhibit B) requesting that these deficiencies be remedied. Counsel conferred by telephone on February 15, 2024, but Plaintiff's counsel again refused to supplement the Interrogatory responses or verify the answers that were provided as required by Rule 33(b)(3) and (5). The Bank now moves this Court to compel Plaintiff to provide the requested information.

**Plaintiff Must Identify Individuals with Knowledge of Relevant Information**

The following Interrogatory responses are at issue:

Morgan, Lewis & Bockius LLP

2222 Market Street
Philadelphia, PA 19103-3007         ☎ +1.215.963.5000
United States                        ☏ +1.215.963.5001

March 20, 2024
Page 2

- Interrogatory No. 3 requests that Plaintiff identify any individual, other than counsel, who provided him with a statement or opinion regarding any allegation underlying his claim. Plaintiff refuses to supplement his response on the basis that the request is beyond the scope of Rule 33.3. But if Plaintiff obtained a statement specifically regarding his Unjust Enrichment claim, that individual would possess "knowledge of information relevant to" such claim. Any such identity must be disclosed.

- Plaintiff alleges in the Complaint at ¶ 60 that "a BNYM employee" sent him a Deloitte monitoring spreadsheet and asked him to review certain calculations. Interrogatory No. 4 requests that Plaintiff identify that "BNYM employee." There is no ambiguity in the request, nor does the interrogatory place an unfair burden on Plaintiff. The Bank has the right to know the answer in advance of Plaintiff's deposition so that it can investigate and be prepared to question Plaintiff about the interaction.

- In Paragraph 46 of the Complaint, Plaintiff refers to what "BNYM told Pauwels" about what Deloitte was evaluating in certain investments. Interrogatory No. 5 seeks the identity of the Bank employees who purportedly made those statements. Plaintiff responded with objections, stating that the information is obtainable at deposition, the question was ambiguous, the interrogatory calls for legal conclusions, and the request seeks information beyond Plaintiff's knowledge. Frankly, these objections are mystifying and cannot be considered a good faith answer to a question merely asking Plaintiff to identify **who** said something to him as alleged in the Complaint. The relevance of the information is clear. Plaintiff's claim hinges on Deloitte's alleged use of the "Pauwels Model." Accordingly, Plaintiff's position that the individuals who allegedly communicated with him about Deloitte's involvement in the "investment process" do not have "knowledge of information relevant" to that claim is incredible. The Bank is well within its rights to investigate the scope of these claimed communications *prior to* Plaintiff's deposition.

- Interrogatory No. 6 seeks the identity of Bank employees who, Plaintiff claims, "informed Pauwels in late 2016 that he should stop tracking and monitoring BNYM's existing energy sector investments" and "informed Pauwels that they were [] engaging an outside consulting firm to take over such monitoring responsibilities." Again, this Interrogatory seeks identification of one or more Bank employees who allegedly said something to Plaintiff that now forms the basis of an unjust enrichment claim. This is exactly the type of information contemplated by Local Civil Rule 33.3, but the Bank is unable to conduct even the most basic investigation given Plaintiff's refusal to name the Bank employees with whom he supposedly spoke about the transition.

- Interrogatory No. 7 requests that Plaintiff identify all Bank employees who, he claims, "terminated their relationship with Pauwels, informing him that he should stop working on any current engagements" and transfer his work, as alleged in Paragraph 64 of the Complaint. Plaintiff again refuses to identify the speaker(s). The question is simple, the information is relevant to the Bank's ability to defend itself, and the burden of answering is non-existent. Yet Plaintiff will not answer absent an Order from this Court.

March 20, 2024
Page 3

- Interrogatory No. 9 requests that Plaintiff identify Bank employees who, he claims, "l[ied] to Pauwels about Deloitte's access to and use of the Pauwels Model and Pauwels Model spreadsheets" Complaint ¶113. If a Bank employee supposedly "lied" to Plaintiff about Deloitte's use of these spreadsheets, that individual would certainly have "knowledge of information relevant to" the pending claim, and is well within the scope of Local Rule 33.3. The refusal to simply identify these individuals hampers the Bank's investigation of supposed misrepresentations made to Plaintiff.

Plaintiff's refusals to identify individuals who supposedly made statements to him that he references in his pleading are unwarranted. *First*, the identification of individuals who spoke to Plaintiff does not implicate the attorney-client privilege or attorney work product. *See Plumbers & Pipefitters Loc. Union No. 630 Pension-Annuity Tr. Fund v. Arbitron, Inc.*, 278 F.R.D. 335, 339-43 (S.D.N.Y. 2011) (work product doctrine did not protect plaintiff from providing the names of 11 CIs referenced in the Complaint).

*Second*, there is no reason to defer the identification of these individuals until Plaintiff's deposition. The Bank has the right to investigate the scope of any relevant knowledge these individuals may have before it questions Plaintiff.

*Third*, Local Civil Rule 33.3 specifically permits the use of interrogatories "seeking names of witnesses with knowledge of information relevant to the subject matter of the action[.]" That is precisely the information the Bank seeks. The Interrogatories referenced above are specifically tailored to obtain the identities of individuals "with knowledge of information relevant to" Plaintiff's specific allegations—just as the Rule envisions. Yet, at the Parties meet and confer, counsel relied on Local Rule 33.3 as the sole basis to refuse to identify such individuals.

According to Plaintiff, the Bank specifically sought the identity of individuals with "knowledge" relevant to the pending Unjust Enrichment in Interrogatory No. 1 (Exhibit B) and therefore any further inquiry is beyond the scope of Rule 33.3. This position is without merit. While Plaintiff may have identified individuals with "knowledge or information concerning" the pending claim in response to Interrogatory No. 1, it is impossible for the Bank to discern which of the individuals named in response to Interrogatory No. 1 are the ones who allegedly made the statements that are referenced in the interrogatories at issue.

The Bank hereby requests an order compelling Plaintiff to supplement his Interrogatory answers to (1) provide the identity of the individuals requested and who are specifically referenced in his Complaint, and (2) to provide a written verification of his Answers.

Respectfully submitted,

*/s/ Michael L. Banks*
Michael L. Banks

MLB