USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/9/2024

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
ANDRE PAUWELS,

                          Plaintiff,

          -against-

BANK OF NEW YORK MELLON CORPORATION,
et al.,

                          Defendants.

-----------------------------------------------------------------X

**19-CV-2313 (RA) (KHP)**

**ORDER**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

     Defendants, The Bank of New York Mellon Corporation and the Bank of New York Mellon, have submitted a letter motion to compel Plaintiff to supplement their answers to certain of Defendants' interrogatories. (ECF No. 128; Nos. 3-7 & 9.) Generally, Defendants' interrogatories seek the identity of individuals with knowledge relevant to this action and who are referenced in specific allegations of the complaint, as well as "the factual basis" for certain of Plaintiff's allegations. For the reasons stated below Defendants' motion is GRANTED in part and DENIED in part.

     Plaintiffs object to the motion on two grounds. First, Plaintiffs argue that to the extent the interrogatories ask the Plaintiffs to "state the factual basis for such allegation[s]," the interrogatories are overbroad and improper at this stage of the litigation under Local Rule 33.3. Second, Plaintiffs argue that the interrogatories are duplicative of Interrogatory Number 1 which asked for the identity of "each person who you believe has knowledge or information concerning the Fifth Cause of Action (Unjust Enrichment) alleged in the Complaint." They also

note that unjust enrichment is the only surviving claim in this litigation following the Honorable Ronnie Abrams' previous decision dismissing all other claims. (ECF No. 75).

With regard to Plaintiff's first argument, Local Rule 33.3 provides:

(a) Unless otherwise ordered by the Court, at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action. . .

(b) During discovery, interrogatories other than those seeking information described in paragraph (a) above may only be served (1) if they are a more practical method of obtaining the information sought than a request for production or a deposition, or (2) if ordered by the Court.

(c) At the conclusion of other discovery, and at least 30 days prior to the discovery cut-off date, interrogatories seeking the claims and contentions of the opposing party may be served unless the Court has ordered otherwise.

Therefore, to the extent the interrogatories seek the identity of persons with knowledge of relevant facts, these are proper interrogatories under local rule 33.3(a). To the extent the interrogatories seek "the factual basis" for any allegations, the requests are overbroad and improper at this stage under Local Rule 33(b). Therefore, Plaintiff need not answer this portion of the interrogatories. See *Clean Earth Remediation & Const. Servs., Inc. v. Am. Intern. Grp., Inc.*, 245 F.R.D. 137, 141 (S.D.N.Y. 2007). However, Plaintiffs must respond to that portion of the interrogatories that request the identities of individuals who are referenced in particularly identified paragraphs of the complaint. This portion of the interrogatories is consistent with Local Rule 33.3(b) and proper. Moreover, Plaintiff is incorrect in his position that the laundry list of persons identified in response to Interrogatory 1 is also responsive to the other interrogatories, which seek the identify of specific people referenced in specific allegations. Plaintiff shall provide answers within one week of this Order. The list provided in response to

Interrogatory 1 certainly narrows the universe of people who could be referenced in the complaint, but does not provide the clarity that Defendant seeks. Notwithstanding the foregoing, the Court notes that Plaintiff has already provided an answer to Interrogatory Number 4 by identifying a bates-stamped document that identifies the relevant employee. Thus, no further response is needed for Interrogatory Number 4.

**The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 128.**

**SO ORDERED.**

Dated: New York, New York
April 9, 2024

_____
KATHARINE H. PARKER
United States Magistrate Judge