UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ANDRE PAUWELS,

        Plaintiff,       19-CV-2313 (RA) (KHP)

   -against-            **ORDER**

BANK OF NEW YORK MELLON CORPORATION,
et al.,

        Defendants.

----------------------------------------------------------------X

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

  This case arises out of Defendant's alleged misuse of a valuation tool created by Plaintiff to advise on alternative energy investments. Plaintiff Andre Pauwels worked for Defendant Bank of New York Melon ("BNYM") as an independent advisor and advised on various deals commencing in 2009. In March 2014, BNYM engaged Pauwels to advise on a particular alternative energy investment and, as part of that work, Pauwels developed a valuation tool (the "Model"). The tool consists of formulas and equations incorporated into an Excel spreadsheet (the "Spreadsheet"). Pauwels was thereafter engaged for additional investment projects and continued to utilize the Model he developed. Pauwels provided a copy of the Spreadsheet to individuals within BNYM for use of the particular projects for which Pauwels was engaged. Pauwels contends he verbally requested that his Spreadsheet and Model be kept confidential and not shared with individuals within BNYM or outside BNYM who did not have a need to know and that BNYM agreed to keep his materials confidential.

  In 2016, BNYM retained Deloitte to conduct a review and audit of BNYM's procedures for analyzing wind-energy investments. Pauwels participated in calls with Deloitte, and Deloitte

was advised of Pauwel's model/spreadsheet and how it was used. Thereafter, Pauwels learned that Deloitte had actually been provided a copy of his model/spreadsheet and that Deloitte was using it in its work for BNYM. Pauwels' relationship with BNYM ended and this action ensued. Pauwels asserted claims for misappropriation of a trade secret, fraud, unjust enrichment, negligent misrepresentation, and unfair competition.

After motion practice, the sole claim remaining in this case is Pauwel's claim for unjust enrichment. *Pauwels v. Deloitte LLP*, 83 F.4th 171 (2d Cir. 2023). The gravamen of Pauwel's claim is that although BNYM paid him as a consultant, his agreement with BNYM never contemplated his creation of the model/spreadsheet and that he is therefore BNYM owes him additional amounts in connection with its use of the model/spreadsheet for other projects on which Pauwels did not consult, including for Deloitte's use of his model in connection with services it provided to BNYM. Said another way, the claim is that "BNYM financially benefitted from its use of the [model/spreadsheet] even though it failed to compensate Pauwels for its (or Deloitte's) unfettered use of [it]." *Id.* at 188.

## The Instant Motion

Presently before the Court is Plaintiff's letter motion to compel BNYM to supplement its production in response to various Requests for Production ("RFPs"). Plaintiff also seeks an extension of all fact discovery dates in this matter, which would include an adjournment of Plaintiff's deposition currently scheduled for April 26, 2024.

1. **Adjournment of Deposition**

Plaintiff's request for an adjournment of his deposition scheduled for April 26, 2024 is DENIED. The deposition shall take place as scheduled. The additional documents Plaintiff has requested are not necessary for Plaintiff to prepare for his deposition.

**2. Supplementation of Responses to Document Requests**

Plaintiff's request that Defendant produce certain documents in response to RFPs 2, 3, 4, 5, 7, 8 is GRANTED IN PART and DENIED IN PART as set forth below. The RFPs at issue are:

- RFP 2: All Documents and Communications concerning Pauwels, including the Pauwels consultancy and work for BNYM;

- RFP 3: All Documents and Communications concerning the Models;

- RFP 4: All Documents and Communications concerning the confidentiality of the Models;

- RFP 5: All Documents and Communications concerning the dissemination of the Models;

- RFP 7: All Documents and Communications concerning the end of the Pauwels Consultancy;

- RFP 8: Documents and Communications sufficient to identify every time BNYM shared, copied, used, and/or relied on the Pauwels Model or LIHTC Model, including since terminating BNYM's relationship with Pauwels.

The Court notes that many of Plaintiff's RFPs at issue broadly seek all documents on a particular subject. As a general matter, requests for "all" documents are inherently overbroad unless the "all" refers to a very discrete set of documents. *Associacao dos Profissionais dos Correios v. Bank of New York Melon Corp.*, 2022 WL 4955312, at *8 (S.D.N.Y. Oct. 4, 2022), *appeal dismissed sub nom. Associacao dos Profissionais dos Correios v. Bank of New York Mellon Corp.*, 2023 WL 3166357 (2d Cir. Mar. 28, 2023). Plaintiff has failed to demonstrate why such broad requests are both relevant and proportional to the needs of the case, particularly when it has been narrowed to the discrete claim of unjust enrichment.

BNYM correctly argues that the core issue here is whether BNYM or Deloitte were enriched by use of the model. Therefore, all documents concerning Pauwel's consulting work—for which he was paid—is not relevant. Further, there is no real dispute about what Pauwel's did do, as his invoices to BNYM for his consulting work reflect his services and charges therefore.

3

Accordingly, Plaintiff's request to compel the production of additional documents in response to RFP 2 is DENIED.

RFP 3 is extraordinarily overbroad. It is clear that Plaintiff failed to properly tailor the request as required by the Federal Rules of Civil Procedure. Although Plaintiff contends this request was designed to ascertain benefits BNYM obtained from use of the Model/Spreadsheet, it is not phrased in a way tailored to identify projects other than the one Pauwels himself worked on that utilized Pauwel's model/spreadsheet for purposes of analyzing an investment. Accordingly, Plaintiff's motion to compel the production of additional documents in response to RFP 3 is DENIED.

RFP 4 seeks documents concerning confidentiality of the model/spreadsheets. However, the Court already rejected Plaintiff's claim that BNYM breached a confidentiality agreement or took a trade secret. Hence, these documents are not relevant to the remaining claim. Further and in any event, BNYM has represented that it has already searched for and produced any documents it could locate bearing on whether Plaintiff sought to keep his model/spreadsheet confidential. Thus, Plaintiff's request to compel the production of additional documents in response to RFP 4 is DENIED.

RFPs 5 & 8 seeks information about BNYM's dissemination and use of Plaintiff's model/spreadsheet after his consultancy ended, including any use by entities other than Deloitte who might have been provided a copy of it. However, RFP 5 is not cabined in this way and overly broad as written. RFP 8 utilizes the phrase "sufficient to identify" – a phrase narrower than "all" – but the remainder of the requests seeks information about "every time" BNYM shared, copied, used, and/or relied on the model/spreadsheet. Thus, it too is overbroad. The Court will nevertheless require BNYM and Deloitte to produce documents, to the extent

4

they exist, reflecting projects other than the ones in which Pauwels himself was involved as a consultant, that utilized the Pauwel's model/spreadsheet.  Such documents should be sufficient to show the general nature of the project and will allow Pauwels to learn how many instances BNYM and Deloitte used the model/spreadsheet without having to create an independent analytical tool and the general nature of the projects.  This will allow Plaintiff sufficient information to potentially tailor a targeted follow-up request for information relevant to assessing the benefit conferred on BNYM and Deloitte from having use of the model/spreadsheet. Thus, the motion to compel the production of additional documents in response to RFPs 5 & 8 is GRANTED IN PART as set forth above.

Finally, Plaintiff's motion regarding RFP 7 is moot because BNYM has stated that it is conducting a reasonable search for documents pertaining to the termination of its relationship with Plaintiff.

BNYM shall produce documents as ordered herein within 21 days of this Opinion and Order.

Finally, given the limited scope of this order, no extension of the fact discovery deadline will be granted at this time.

**SO ORDERED.**

Dated: New York, New York
April 23, 2024

_____
KATHARINE H. PARKER
United States Magistrate Judge