```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/7/2024
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
ANDRE PAUWELS,

                              Plaintiff,

         -against-

BANK OF NEW YORK MELLON CORPORATION,
et al.,

                            Defendants.

-----------------------------------------------------------------X

**19-CV-2313 (RA) (KHP)**

**ORDER REGARDING DISCOVERY**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

     Plaintiff, Andre Pauwels, seeks an extension of fact discovery from June 11, 2024 to July 3, 2024, to which Defendant, the Bank of New York Mellon Corporation ("BNYM") objects. The reason for the extension request is that BNYM's 30(b)(6) deposition witness was allegedly unprepared to address certain topics and identified additional documents relevant to the case and because of a delay in production of documents from non-party Deloitte, BNYM's tax advisor. Plaintiff wishes to further depose the 30(b)(6) witness concerning certain questions that were not answered at the first day of deposition – a request that BNYM opposes. The Court addresses the outstanding issues and the discovery deadline below.

    1. ***Conduct of Second Day of 30(b)(6) Deposition***

     Several rules are relevant in determining whether a second day of a 30(b)(6) deposition is warranted here. Federal Rule of Civil Procedure 30(b)(6) permits a party to notice the deposition of a corporate entity and obligates the company to designate a witness knowledgeable to testify on the topics noticed. Fed. R. Civ. P. 30(b)(6); *Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253, 268 (2d Cir. 1999). To the extent a witness lacks personal

knowledge of a topic, the company must prepare the witness to provide knowledgeable answers. *Eid v. Koninkliike Luchtvaart Maatschappii N.V.*, 310 F.R.D. 226, 228 (S.D.N.Y. 2015). A failure to comply with these obligations may result in sanctions. Fed. R. Civ. P. 37(b)(2)(A). However, sanctions are warranted only when the inadequacies in the testimony are egregious and "not merely lacking in desired specificity in discrete areas." *Kyoei Fire & Marine Ins. Co., Ltd. v. M/V Maritime Antalya*, 248 F.R.D. 126, 152 (S.D.N.Y. 2007).

Additionally, Rule 30(d)(1) requires the court to extend the time to conduct a deposition if the deponent "impedes or delays the examination," or if additional time is needed to "fairly examine the deponent." Fed. R. Civ. P. 30(d)(1). A district court has "broad discretion" to determine whether these conditions have been met. *Umbach v. Carrington Inv. Partners (US), LP*, 2012 WL 4854657, at *1 (D. Conn. Oct. 11, 2012). The court may also impose sanctions on a party or witness found to be responsible for impeding or delaying the deposition. Fed. R. Civ. P. 30(d)(2).

In this case, an additional day of a 30(b)(6) deposition is not warranted. On May 31, 2024, Plaintiff conducted the deposition of Reza Sarmasti, BNYM's Global Head of Tax. Sarmasti was the primary overseer of Plaintiff's consulting work and decisionmaker on issues relevant to Plaintiff. Sarmasti testified in his personal capacity and as a 30(b)(6) witness. The deposition lasted approximately five hours and ended with Plaintiff's counsel stating he had no remaining questions. In other words, Plaintiff chose not to utilize the additional two hours and voluntarily ended the deposition. Nevertheless, Plaintiff sent a second 30(b)(6) deposition notice on June 3 seeking a witness to testify about the same topics listed his prior 30(b)(6) deposition notice contending that Sarmasti was not prepared to fully address certain questions.

Plaintiff identifies several topics on which he contends Sarmasti was not prepared, including the "early days" of Plaintiff's work for BNYM, the circumstances of the termination of Plaintiff's consultancy, the dates when Plaintiff's spreadsheet was shared with Deloitte, the Master Services Agreement between BNYM and Deloitte, fee negotiations with Deloitte, whether meetings listed in descriptions of Deloitte's work actually took place, communications regarding updates to the Plaintiff's modeling spreadsheet, and any comparisons done between Plaintiff's modeling spreadsheet and models prepared by Deloitte. With regard to these topics, BNYM points out that during the deposition:

- There were no substantive questions posed about the first five years of Plaintiff's consulting work;

- Sarmasti answered questions about the termination of Plaintiff's consultancy based on his personal knowledge and, in any event, it was not a designated 30(b)(6) topic;

- The 30(b)(6) notice did not include the topic of transmission of spreadsheets to Deloitte but Sarmasti answered to the best of his personal recollection that the transmission was in the fourth quarter of 2016;

- The Master Services Agreement is a document that predated Plaintiff's consultancy by five years and is irrelevant and was not a designated 30(b)(6) topic;

- The 30(b)(6) topics did not include fees paid to Deloitte or negotiations about those fees, and Sarmasti testified in his personal capacity that he did not recall specifics of fee negotiations;

- The 30(b)(6) topics did not include whether meetings listed in Deloitte's work actually took place, and Sarmasti testified in his personal capacity about discussions and work with Deloitte to the best of his recollection regardless;

- The 30(b)(6) topics did not include transmission of spreadsheets but, in any event, documents subpoenaed from Deloitte revealed that they were sent by a Deloitte employee who was seconded to the Bank for a period in 2016 and 2017;

- Sarmasti was not able to recall details of a conversation from seven years ago with another employee but that no amount of preparation could have refreshed his recollection.

3

BNYM further represents that Sarmasti prepared thoroughly for his deposition including three deposition preparation sessions with counsel, review of over 100 documents, and testified to talking with Lauren Hegedus, another employee of BNYM with knowledge pertinent to the case, prior to the deposition – contrary to the representation made in Plaintiff's letter to the Court.

Having reviewed the submissions of the parties, including the 30(b)(6) deposition notices and the transcript from the deposition, the Court finds that an additional day of deposition is not warranted or proportional to the needs of the case.  Plaintiff utterly fails to meet the standard for continuation of the deposition, as there is no evidence that BNYM impeded or delayed the deposition.  Moreover, some of the questions posed for which Plaintiff seeks greater specificity were not topics in the deposition notice or, even if they arguably fell within the broad topics set forth in the notice, were merely lacking in desired specificity in discrete areas.  Thus, Plaintiff's request for an additional day of deposition is denied.

2. ***Extension of Discovery Deadlines***

Having denied Plaintiff's request for an additional day of deposition, the only other basis for extending discovery was a delay in production of documents from Deloitte.  Those documents, however, have been produced.  Accordingly, there is no basis for extending discovery further.  The Court notes that Plaintiff has had more than adequate time to conduct fulsome discovery and obtained sufficient information to prosecute his case.  Accordingly, the request to extend the discovery period is denied.

## CONCLUSION

Plaintiff's motions to extend discovery and take an additional day of a 30(b)(6) deposition are denied for the reasons set forth above.  The Clerk is respectfully directed to terminate the motions at Docket Nos. 138 and 140.

**SO ORDERED.**

Dated: New York, New York
       June 7, 2024

_____
KATHARINE H. PARKER
United States Magistrate Judge