UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANDRE PAUWELS,

                Plaintiff,

           v.

BANK OF NEW YORK MELLON
CORPORATION and THE BANK OF NEW
YORK MELLON,

                Defendants.

No. 19-cv-2313 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

The Court is in receipt of Defendants' motion to seal portions of their motion for summary judgment. *See* Dkt. 160. As the parties are aware, a litigant may seal materials pursuant to the three-part test articulated in *Lugosch v. Pyramid Co. of Onondaga*, which permits sealing only when the presumption of public access to judicial documents is outweighed by countervailing interests such as confidentiality or privacy. *See* 435 F.3d 110, 119 (2d Cir. 2006).

Here, Defendants argue that their proposed redactions are justified because "the names of. . . . sponsors of certain wind investments. . . . are subject to ongoing confidentiality obligations." Dkt. 160 at 1. That argument, however, is "lacking in particularity" and does "not provide adequate support for the Court to conclude" that the materials should remain sealed under *Lugosch*. *Brandon v. NPG Recs., Inc.*, No. 19-cv-1923 (GHW), 2020 WL 2086008, at *11 (S.D.N.Y. Apr. 30, 2020), *aff'd*, 840 F. App'x 605 (2d Cir. 2020). Indeed, "[c]ourts in this District have consistently held that [p]arties' interest in a confidentiality agreement enacted between them is not sufficient on its own to overcome the interest of public disclosure and transparency." *Gen. Re Life Corp. v. Am. Gen. Life Ins. Co.*, No. 23-cv-5219 (ALC), 2024 WL 1329381, at *5

(S.D.N.Y. Mar. 28, 2024); *see also Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018) (collecting cases).

While Defendants' motion is not sufficient to justify sealing, the court will give Defendants the opportunity to present additional information as to why the proposed redactions satisfy the *Lugosch* test. *See Bd. of Trs. of AGMA Health Fund v. Aetna Life Ins. Co.*, No. 24-cv-5168 (RA), 2024 WL 4604618, at *1 (S.D.N.Y. Oct. 28, 2024) (granting request to seal based on supplemental letter). Defendants are thus instructed to file a supplemental letter no later than December 3, 2024 advising the Court—in more detail and consistent with case law—why its confidentiality interests outweigh the right of public access. *See, e.g.*, *In re Digit. Music Antitrust Litigt.*, 321 F.R.D. 64, 82 n.1 (S.D.N.Y. 2017) ("[I]nternal pricing strategies and competitive pricing data [are] sufficiently sensitive to warrant redaction."); *Avocent Redmond Corp. v. Raritan Americas, Inc.*, No. 10-cv-6100 (PKC), 2012 WL 3114855, at *16 (S.D.N.Y. July 31, 2012) (permitting sealed filing of documents "because they include confidential business information—market forecasts, sales, inventory management, profit margins, etc.—the disclosure of which would cause competitive harm").

SO ORDERED.

Dated:   November 26, 2024
         New York, New York

_____
Ronnie Abrams
United States District Judge