UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDRE PAUWELS,

                       Plaintiff,

                v.

BANK OF NEW YORK MELLON
CORPORATION and THE BANK OF NEW
YORK MELLON,

                       Defendants.

No. 19-cv-2313 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

Before the Court are the parties' letter motions seeking leave to seal portions of the recently filed summary judgment briefing. *See* Dkt. 160, 173. For the reasons explained below, the motions are granted.

## BACKGROUND

Plaintiff André Pauwels brought this action in 2023, alleging that Defendants Bank of New York Mellon Corporation and the Bank of New York Mellon misappropriated a proprietary model he developed to analyze investments in renewable energy. After several rounds of Rule 12(b)(6) motions and amendments to the complaint, Defendants filed a motion for summary judgment on November 7, 2024, which is currently pending. *See* Dkt. 154. Defendants also filed a letter motion seeking leave to seal portions of their motion papers, on the ground that their filings revealed the names of certain investors who had participated in wind-energy investments with Defendants. *See* Dkt. 160. Although the letter stated that these investments were "subject to ongoing confidentiality obligations," it did not explain why that bare fact satisfied the three-part sealing standard from *Lugosch v. Pyramid Co. of Onondaga*. *See* 435 F.3d 110, 119 (2d Cir. 2006).

The Court then ordered Defendants to file a supplemental letter articulating the legal basis for sealing. *See* Dkt. 166. Defendants filed that letter on December 4, 2024. *See* Dkt. 167. Two days later, Pauwels filed his opposition brief along with a letter motion seeking to redact the same entity names that Defendants wished to seal in their opening papers. *See* Dkt. 173. Pauwels took no position on whether these redactions were justified and stated that it joined Defendants' sealing request only to conform the parties' filings.

## LEGAL STANDARD

Sealing requests are governed by the three-step test set forth in *Lugosch v. Pyramid Co. of Onondaga*. *See* 435 F.3d at 110. This test requires the Court to first determine whether the documents at issue are "judicial documents" by examining whether they are "relevant to the performance of the judicial function and useful in the judicial process." *United States v. Erie County*, 763 F.3d 235, 239 (2d Cir. 2014) (quoting *Lugosch*, 435 F.3d at 119). If the documents are judicial, then a common law presumption of public access attaches, and the Court must, at the second step, determine the weight of that presumption along a continuum from low to high. *See United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). The weight will be strongest when the documents will "directly affect an adjudication" of the merits and weakest when they will "play only a negligible role." *Lugosch*, 435 F.3d at 121 (internal quotation marks omitted). At the final step, the Court weighs the strength of the presumption of public access against any countervailing interests, such as the "privacy interests" of those involved. *Id.* at 120 (internal quotation marks omitted). The Court will grant a sealing request only if those countervailing interests outweigh the presumption of public access.

**DISCUSSION**

Defendants seek to redact only one type of information: the names of certain investors who have participated in confidential wind energy projects with Defendants. Defendants argue that these names should be redacted because the identities of specific investors are peripheral to Defendants' motion for summary judgment and because disclosing these names would compromise Defendants' legitimate business interests. The Court agrees.

Following the *Lugosch* framework, the Court first determines whether the documents containing the investor names qualify as judicial documents. They do. Materials submitted to the Court in support of a motion for summary judgment are, by definition, judicial documents. *See Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019). Because the investor names were included in exhibits attached to the summary judgment papers, they are contained in judicial documents and enjoy a presumption of public access.

Not all judicial documents deserve the same level of public access, however. At the second step, the Court must determine the strength of the presumption of access, which will be strongest when the materials will "directly affect" adjudication of the merits and weakest when the documents will "play only a negligible role." *Lugosch*, 435 F.3d at 121. Here, the central issue in the summary judgment motion is whether Defendants misappropriated Pauwels' proprietary model for analyzing investments. According to Defendants, they included the exhibits because they showed that Pauwels regularly performed modeling for Defendants' investments. But while the fact that Pauwels performed such work is relevant to the merits of his misappropriation claims, the identities of the specific investors are not. Who the investors were does not make Pauwels' claims more or less likely to succeed, weakening the presumption of access. Moreover, Defendants have proposed "narrowly tailored redactions" to the documents that conceal the names of the specific

3

investors while leaving visible the more relevant information about the extent of Pauwels' work for Defendants. *Id.* at 119–20. Given the limited importance of the investor names and the precise redactions applied to them, the presumption in favor of public access is minimal at best.

      Finally, at the third step, the Court concludes that the presumption of access is outweighed by countervailing interests. *See Lugosch*, 435 F.3d at 120. As Defendants explain, the investor names are confidential pieces of information that, if disclosed, could damage Defendants' competitive position in the industry, or even hamper their ability to negotiate non-disclosure agreements in the future. *See* Dkt. 167 at 2. As other courts in this district have found, these countervailing interests overcome the presumption of access and justify sealing here. *See, e.g.*, *Alexander Interactive, Inc. v. Adorama, Inc.*, 12-cv-6608 (PKC), 2014 WL 436174, at *2 (S.D.N.Y. Sept. 2, 2024); *Refco Grp. Ltd., LLC v. Cantor Fitzgerald L.P.*, No. 12-cv-1653 (RA) (HBP), 2015 WL 4298572, at *4 (S.D.N.Y. July 15, 2015); *Encyclopedia Brown Prods. Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998).

      Accordingly, the motions to seal Defendants' motion for summary judgment and Pauwels' opposition are granted. The Clerk of Court is respectfully directed to close the motions pending at docket numbers 160 and 173.

SO ORDERED.

Dated:    January 7, 2025
             New York, New York

_____
Ronnie Abrams
United States District Judge