# Morgan Lewis

**Michael L. Banks**
Partner
+1.215.963.5387
michael.banks@morganlewis.com

October 21, 2025

**VIA ECF**

Hon. Ronnie Abrams
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:     <u>Pauwels v. The Bank of New York Mellon Corp.</u>, No. 19-cv-02313

Dear Judge Abrams:

We write on behalf of BNY to respond to Plaintiff's latest filing (Dkt. 224), and to address the application of *Design Strategy, Inc. v. Davis*, 469 F.3d 284 (2d Cir. 2006), which Your Honor referenced at the hearing yesterday.

*Design Strategy* involved an employer suing its former employee and alleging that the employee had wrongfully diverted a corporate opportunity. *Id.* at 287. The employer, whose causes of action included unjust enrichment and breach of fiduciary duty, sought injunctive relief, restitution and other money "damages." *Id.* at 289. The plaintiff was foreclosed from seeking a recovery based on its own lost profits because of positions it had taken earlier in discovery. The Second Circuit confirmed that the remedies requested (including restitution), were equitable, because they "[sought] to remove from [d]efendants the funds that they allegedly obtained unjustly and that in good conscience should be turned over to [the plaintiff]." *Id* at 299. The District Court therefore denied the plaintiff's request for a jury trial, and the Second Circuit affirmed. *Id.* at 289-90.

In *Design Strategy,* the Court of Appeals joined multiple District Courts in this Circuit, the New York Court of Appeals and the Kings Bench in England from 1760 in recognizing that when a plaintiff seeks to recover a defendant's supposed ill-gotten gains, the claim is equitable, not legal. Plaintiff tries to distinguish that holding, mostly by semantics. He argues that he should be entitled to recover the Bank's unjust enrichment, but that he is not seeking "disgorgement." He also argues that he should recover the cost savings achieved as a result of BNY's sharing of the spreadsheets with Deloitte, which, of course, are a measure of the Bank's financial gain, but he is not seeking to recover lost "profits." These are word games, and they provide no basis to turn an equitable claim into a legal one.

In his latest filing, Plaintiff argues that the remedy he seeks is "not unconnected" to his losses because, he claims, BNY did not pay him for the so-called Pauwels Model. Dkt. 224 at 1-2. But the measure of damages that he offers is based exclusively on the purported cost savings (i.e., increased profit) that the Bank achieved by allegedly having Deloitte use the Pauwels

Hon. Ronnie Abrams
October 21, 2025
Page 2

spreadsheets. If the defendant's cost savings were a proper proxy for a plaintiff's so-called loss, then *EJ Brooks* would be meaningless, as would every federal case in this Circuit that treats ill-gotten gains as equitable. Any plaintiff could say that "defendant's gain is equal to my loss," and circumvent the important question that the Second Circuit certified to the New York Court of Appeals. It bears emphasis that we are not litigating a breach of contract or tort claim in this case. We are preparing to try an "unjust enrichment" claim. The words speak for themselves. The focus is on the Bank's purported unjust enrichment, i.e., the Bank's financial gain from the use of the Pauwels model by Deloitte. That claim, as reflected in the "damages" theory articulated since the outset of the case, is plainly equitable and not subject to a trial by jury.

BNY therefore stands by its request that this matter proceed before a bench trial.

Respectfully,
*/s/ Michael L. Banks*
Michael L. Banks