UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDRÉ PAUWELS,<br><br>                      Plaintiff,<br><br>            v.<br><br>BANK OF NEW YORK MELLON CORPORATION, THE BANK OF NEW YORK MELLON, DELOITTE LLP, DELOITTE USA LLP, and DELOITTE TAX LLP,<br><br>                      Defendants. | 19-CV-2313 (RA)<br><br>MEMORANDUM<br>OPINION AND ORDER |

RONNIE ABRAMS, United States District Judge:

       Trial on Plaintiff Andre Pauwels's enrichment claim against Defendants The Bank of New York Mellon Corporation and The Bank of New York Mellon (together, "BNYM") is scheduled to begin on November 12, 2025. On Friday, October 31, 2025, the Court granted BNYM's motion to strike the report and proposed testimony of Pauwels's damages expert, Slim Bentami. Dkt. 240. Several days later, on Monday, November 3, 2025, Pauwels moved for leave to file a supplemental expert report from Bentami, which BNYM opposed. Dkt. 241 ("Pl's Mot."), 242. As discussed at today's conference, and for the reasons that follow, the motion is denied.

       Pauwels moves pursuant to Federal Rule of Civil Procedure 26(e), which provides, in relevant part, that "[a] party who has made a disclosure under Rule 26(a)," which includes expert disclosures, "must supplement or correct its disclosure or response . . . in a timely manner if the party learns in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e); Pl's Mot. 1. Under Rule 26(a), an expert must offer "a complete statement of all the opinions to be expressed and the basis and reasons for them." Fed. R. Civ. P. 26(a).

Pauwels asserts that Bentami's proposed "supplemental expert report will be narrowly tailored with no new or novel analysis but will only further explain Bentami's conclusions." Pl's Mot. 2. He maintains that the supplemental report will remedy the deficiencies identified in the Court's October 31st Opinion and Order, which found his original report inadmissible under Federal Rule of Evidence 702. Dkt. 240. Specifically, the Court held that Bentami's methodology was unreliable because he failed "to explain how his general experience" led him to the assumptions used in his report and "why those assumptions are reasonable." *Id.* at 14. Although Pauwels insists that Bentami's "conclusion has remained and will remain the same," he contends that the supplemental report will "better explain the connection between Bentami's experience and expertise and the conclusions he reached in his report." Pl's Mot. 2.

Rule 26(e), however, "is not . . . a vehicle to permit a party to submit a deficient opening report and then remedy the deficiency through the expedient of a 'supplemental' report." *Lidle v. Cirrus Design Corp.*, 08 Civ. 1253 (HBP), 2009 WL 4907201, at *5 (S.D.N.Y. Dec. 18, 2009).[1] "[E]xperts are not free to continually bolster, strengthen, or improve their reports by endlessly researching the issues they already opined upon, or to continually supplement their opinions." *Sandata Techs., Inc. v. Infocrossing, Inc.*, 05 Civ. 9546 (LMM), 2007 WL 4157163, at *6 (S.D.N.Y. Nov. 16, 2007). Instead, Rule 26(e) supplementation is appropriate where an expert seeks to rely on "previously unknown or unavailable" information to render an updated opinion. *In re Bear Sterns Cos., Inc. Secs., Derivative and ERISIA Litig.*, 263 F. Supp. 3d 446, 452 (S.D.N.Y. 2017); *see, e.g.*, *Lewis v. FMC Corp.*, 786 F. Supp. 2d 690, 705 (W.D.N.Y. 2011). Courts have thus denied requests to serve a supplemental expert report correcting deficiencies identified in an earlier adverse evidentiary ruling. *See, e.g.*, *Allen v. Dairy Farmers of Am., Inc.*,

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, omissions, and alterations.

No. 5:09-cv-230, 2014 WL 2040133, at *5–6 (D. Vt. May 16, 2014); *In re Bear Stearns*, 263 F. Supp. at 452; *see also Bozick v. Conagra Foods, Inc.*, 19-cv-4045 (LJL), 2021 WL 1198320, at *3 (S.D.N.Y. Mar. 30, 2021) (denying leave to supplement an expert report where the movant asserted that "the fundamental opinions" in the proposed supplemental report would "not change").[2]

Bentami's proposed supplemental report does not seek to account for new evidence or previously unknown information. *See Bozick*, 2021 WL 1198320, at *3. The explanations he now seeks to add to his report "should have been disclosed" when "expert reports were due." *Id.* Given that Rule 26(e) "does not provide a vehicle through which Plaintiff can make [this] late disclosure," *id.*, Pauwels's motion is denied.

Even if Pauwels could supplement Bentami's report under Rule 26, the admission of his supplemental report and proposed testimony would be improper at this late date. Under Rule 37, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). A district court has "wide discretion" to preclude evidence for a Rule 37 violation, and should consider "(1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the testimony of the precluded witnesses; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Design*

---

[2] The sole case cited by Pauwels in support of his application, *Anthem Inc. v. Express Scripts, Inc.*, permitted supplementation where "the Court's conclusions of law as to the contract at issue in this case" served to "foreclose" the damages theory supported by the movant's expert, such that the expert's opinions were then rendered "incomplete or incorrect." 660 F. Supp. 3d 169, 182, 185 (S.D.N.Y. 2023). That is not the case here. Although the Court's previous opinions have limited Pauwels's damages theory, the Court has also held that Bentami's report supported a legally cognizable theory of damages. Dkt. 240. And the *Anthem* court took pains to emphasize that its decision was not due to "an initial careless deficiency" in an expert's report, as supplementation based on "[s]uch conduct would render the completeness requirement of Rule 26(a)(2)(B) meaningless." *Anthem*, 660 F. Supp. 3d at 185.

*Strategy, Inc. v. Davis*, 469 F.3d 284, 294, 296 (2d Cir. 2006). Having done so, the Court concludes that preclusion is appropriate on this basis as well.

The Court is cognizant of the importance of Bentami's testimony, particularly to his theory of damages. But Pauwels's only justification as to why a supplemental report is necessary is that he intends to remedy the deficiencies identified in the Court's October 31st Opinion and Order. As previously discussed, this is not an adequate explanation. *See Variblend Dual Dispensing Sys. LLC v. Crystal Int'l (Group) Inc.*, 18-CV-10758 (ER), 2022 WL 17156550, at *15 (S.D.N.Y. Nov. 22, 2022) (holding that the amendment of "a deficient [expert] report" is not an "adequate explanation" for a "failure to comply with the Rule 26 disclosure requirement"). Furthermore, BNYM will be significantly prejudiced if Pauwels's application is granted, particularly from the time and expense of an additional round of expert discovery, and the further-delayed resolution of a case filed more than five years ago. Finally, if the Court were to grant Pauwels's application, "the trial scheduled for next week would need to be adjourned," Pl's Mot. 2, which is a serious inconvenience to the time of BNYM's counsel and witnesses, as well as to the Court.

Accordingly, Pauwels's motion is denied. The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 241.

SO ORDERED.

Dated:   November 6, 2025
         New York, New York

                                           Ronnie Abrams
                                           United States District Judge