UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDRÉ PAUWELS,

*Plaintiff*,

v.

THE BANK OF NEW YORK MELLON CORP., and THE BANK OF NEW YORK MELLON,

*Defendants*.

No. 19-CV-2313 (RA)

**JURY INSTRUCTIONS**

# Table of Contents

I. GENERAL INSTRUCTIONS ........ 3
  A. Introductory Remarks ........ 3
  B. Role of the Court ........ 3
  C. Role of the Jury ........ 4
  D. Role of Counsel ........ 4
  E. Sympathy or Bias ........ 5
  F. All Parties Equal Before the Law ........ 6
  G. Burden of Proof ........ 6
  H. Corporate Party's Agents and Employees ........ 7
  I. What Is and Is Not Evidence ........ 8
  J. Direct and Circumstantial Evidence ........ 8
  K. Witness Credibility ........ 10
  L. Prior Inconsistent Statement ........ 11
  M. All Available Witnesses Need Not Be Produced ........ 12
  N. Demonstratives ........ 13
II. SUBSTANTIVE INSTRUCTIONS ........ 13
  A. Unjust Enrichment ........ 13
  B. Affirmative Defense – Oral or Implied Contract ........ 15
III. DAMAGES ........ 17
  A. Damages – Unjust Enrichment ........ 17
IV. DELIBERATIONS OF THE JURY ........ 18
  A. Selection and Duties of Foreperson ........ 18
  B. Right to See Exhibits and Hear Testimony; Communication with the Court ........ 19
  C. Notes ........ 19
  D. Duty to Deliberate; Unanimous Verdict ........ 19
  E. Verdict Form ........ 20
  F. Return of Verdict ........ 21
V. CONCLUSION ........ 21

# I. GENERAL INSTRUCTIONS

## A. Introductory Remarks

Members of the jury, you have now heard all of the evidence in the case as well as the final arguments of the parties. You have paid careful attention, and I am confident that you will act together with fairness and impartiality to reach a just verdict in the case.

Now it is time for me to instruct you as to the law that governs the case. There are three parts to these instructions. First, I'm going to give you some general instructions about your role, and about how you are to decide the facts of the case. Most of these instructions would apply to just about any trial. Second, I'll give you some specific instructions about the legal rules applicable to this particular case. Third, I'll give you some final instructions about procedure.

Listening to these instructions may not be easy. It is important, however, that you listen carefully and concentrate. You'll notice that I'm reading these instructions from a prepared text. It would be more lively, no doubt, if I just improvised. But it's important that I not do so. The law is made up of words, and those words are very carefully chosen. So, when I tell you the law, it's critical that I use exactly the right words.

Because my instructions are lengthy, I have provided each of you with a copy of them, not only so that you can follow along as I read them now, if you so choose, but also so that you can have them with you for reference as you deliberate. Nonetheless, feel free to just listen for now.

## B. Role of the Court

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and to apply them to the facts as you determine them. With respect to legal matters, you must take the law as I give it to you. If any attorney or witness has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you

must follow. You must not substitute your own notions or opinions of what the law is or ought to be.

**C. Role of the Jury**

As members of the jury, you are the sole and exclusive judges of the facts. You evaluate the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

Do not conclude from any of my questions or any of my rulings on objections or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case.

It is your sworn duty, and you have taken the oath as jurors, to determine the facts. Any opinion I might have regarding the facts is of absolutely no consequence.

I also ask you to draw no inference from the fact that on occasion I may have asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. The court has no opinion as to the verdict you should render in this case.

**D. Role of Counsel**

It is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. It is my job to rule on those objections. Therefore, why an objection was made or why I ruled on it the way I did is not your concern. You should draw no inference from the fact that an attorney objected to any evidence.

Nor should you draw any inference from the fact that I might have sustained or overruled an objection.

The personalities and the conduct of counsel in the courtroom are not in any way at issue. If you formed reactions of any kind to any of the lawyers in the case, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those reactions should not enter into your deliberations.

During the course of the trial, I may have had to correct the presentation of an attorney, for example, to ask him or her to rephrase a question. You should draw no inference against him or her, or their client. It is the duty of the attorneys to advocate on behalf of their clients.

From time to time, the lawyers and I had conferences out of your hearing. These conferences involved procedural and other legal matters, and none of the events relating to these conferences should enter into your deliberations at all.

**E. Sympathy or Bias**

Under your oath as jurors you are not to be swayed by sympathy or prejudice. Your verdict must be based solely upon the evidence developed at this trial, or the lack thereof. It must be clear to you that once you let fear or prejudice or bias or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

It would be improper for you to consider any personal feelings you may have about the parties' or witnesses' race, religion, national origin, gender, age, sexual orientation, disability, or physical appearance. It would be equally improper for you to allow any feelings you might have about the nature of the claim against the defendant to influence you in any way. The parties in this case are entitled to a trial free from prejudice and bias. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

**F. All Parties Equal Before the Law**

In reaching your verdict, you must remember that all parties stand equal before a jury in the courts of the United States. You should consider and decide this case as a dispute between parties of equal standing before the law, and of equal worth. All parties deserve fair, impartial, and conscientious consideration by you. And all parties expect that you will fairly and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

**G. Burden of Proof**

As this is a civil case, each party has the burden of proving their claims and affirmative defenses by a preponderance of the evidence. This means that the plaintiff must prove, by a preponderance of the evidence, each and every disputed element of his claim. Additionally, the defendant has raised what is called an affirmative defense. If the defendant proves its affirmative defense by a preponderance of the evidence, it will not be held liable, even if you find that the plaintiff has proven his claim. If you find that the plaintiff has failed to establish a claim or the defendant has failed to establish an affirmative defense by a preponderance of the evidence, you must decide against them on that claim or defense.

What does a "preponderance of the evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proven by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties—that it is equally probable that one side is right as it is that the other side is right—then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simply equality of evidence—the party must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not true—then that element will have been proved by a preponderance of the evidence.

One final note on the burden of proof: some of you may have heard of "proof beyond a reasonable doubt." As I told you at the beginning of the trial, "beyond a reasonable doubt" is the standard of proof in a criminal trial. It does not apply to a civil case such as this and you should put it out of your mind.

**H. Corporate Party's Agents and Employees**

You have heard evidence about the actions of corporations, and in particular, the actions of The Bank of New York Mellon Corporation and the Bank of New York Mellon, which is also a corporation. I have referred and will refer to these entities together as "the defendant," "BNY" or "the Bank."

A corporation may only act through natural persons who are its agents or employees. Generally, any agents or employees of a corporation may bind the corporation by their acts and declarations made while acting within the scope of their authority delegated to them by the corporation or within the scope of their duties as employees of the corporation.

**I. What Is and Is Not Evidence**

In determining the facts, you must rely upon your own recollection of the evidence. The evidence in this case is the sworn testimony of the witnesses and the exhibits received in evidence. Testimony that I may have stricken or excluded, however, is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose, you must follow the limiting instructions I gave you, and use the evidence only for the purpose I indicated.

As I told you at the start of this case, statements and arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. If your recollection of the facts differs from the lawyers' statements, however, it is your recollection that controls.

For the same reasons, you are not to consider a lawyer's questions as evidence. It is the witnesses' answers to those questions that are evidence. Similarly, any statements that I may have made do not constitute evidence. It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

Finally, this means, of course, that anything you may have heard or read on the internet, in the news media or anything outside of this courtroom may play no role in your deliberations. Your decision in this case must be made solely on the evidence presented at trial.

**J. Direct and Circumstantial Evidence**

Generally, there are two types of evidence that you may consider in reaching your verdict. One type of evidence is direct evidence. Direct evidence is testimony by a witness about something he or she knows by virtue of his or her own senses—something the witness has seen,

felt, touched, or heard. For example, if a witness testified that when he or she left the house this morning, it was raining, that would be direct evidence about the weather.

Circumstantial evidence is evidence from which you may infer the existence of certain facts. For example, assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella, which was dripping wet. Then a few minutes later another person entered with a wet raincoat. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So, you have no direct evidence of that fact. But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason, experience, and common sense from one established fact the existence or non-existence of some other fact. As you can see, the matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a logical, factual conclusion which you might reasonably draw from other facts that have been proven. Many material facts—such as what a person was thinking or intending—can rarely be proved by direct evidence.

Circumstantial evidence is as valuable as direct evidence. The law makes no distinction between direct and circumstantial evidence.

There are times when different inferences may be drawn from the evidence. The plaintiff asks you to draw one set of inferences. The defendant asks you to draw another. It is for you, and for you alone, to decide what inferences you will draw.

**K. Witness Credibility**

You have had the opportunity to observe the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

You should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, the impression the witness made when testifying, the relationship of the witness to the controversy and the parties, the witness's bias or impartiality, the reasonableness of the witness's statement, the strength or weakness of the witness's recollection viewed in the light of all other testimony, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. How did the witness appear? Was the witness candid, frank, and forthright; or, did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common-sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful.

In passing upon the credibility of a witness, you may take into account any inconsistencies or contradictions as to material matters in his or her testimony. You should also take into account any evidence that the witness who testified may benefit in some way from the outcome in this case. Likewise, you should note any evidence of hostility or affection that the witness may have towards

one of the parties. Such bias or interest in the outcome creates a motive to testify falsely. It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony and bear that factor in mind when evaluating the credibility of the testimony.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

If you find that any witness has willfully testified falsely as to any material fact, you have the right to reject the testimony of that witness in its entirety. On the other hand, even if you find that a witness has testified falsely about one matter, you may reject as false that portion of his or her testimony and accept as true any other portion of the testimony which you find credible or which you may find corroborated by other evidence in this case. A witness may be inaccurate, contradictory, or even untruthful in some aspects, and yet be truthful and entirely credible in other aspects of his or her testimony.

The ultimate question for you to decide in passing upon credibility is: did the witness tell the truth before you? It is for you to say whether his or her testimony at this trial was truthful in whole or in part.

**L. Prior Inconsistent Statement**

You may have heard evidence that certain witnesses may have made statements on earlier occasions which counsel argue are inconsistent with their trial testimony. Evidence of a prior inconsistent statement by someone who is not a plaintiff or a defendant is not to be considered by you as affirmative evidence in determining liability. Evidence of any such prior inconsistent statements was placed before you for the limited purpose of helping you decide whether to believe the trial testimony of the witness who may have contradicted himself or herself. If you find that a

witness made an earlier statement that conflicts with that witness's trial testimony, you may consider that fact in deciding how much of the trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

Where, however, the witness is the plaintiff or a defendant, and who by a prior statement has admitted some fact or facts against her, his, or its interest, then such statement, if knowingly made, may be considered as evidence of the truth of the fact or facts admitted by that party, as well as for the credibility of the party as a witness. Again, how much, if any, weight to be given to the prior statement is up to you.

**M. All Available Witnesses Need Not Be Produced**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue in this trial.

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of one witness as to any fact is more probative or compelling than the testimony of a larger number of witnesses to the contrary.

**N. Demonstratives**

During trial, the parties showed you what are called "demonstratives"—illustrations or reproductions of what the parties consider relevant information in this case. Demonstratives are not evidence. Instead, they were shown to you in order to make other evidence more meaningful and to aid you in considering the evidence. They are no better than the evidence upon which they are based. Therefore, you are to give no greater consideration to these demonstratives than you would give to the evidence upon which they are based.

It is for you to decide whether the demonstratives correctly present the information contained in the evidence on which they were based. You may consider the demonstratives if you find that they are of assistance to you in analyzing and understanding the evidence.

## II. SUBSTANTIVE INSTRUCTIONS

I will turn now to my instructions on the substantive law to be applied to this case. Mr. Pauwels has asserted one claim for unjust enrichment. Mr. Pauwels bears the burden of proof on this claim.

BNY asserts a contractual affirmative defense. Thus, even if Mr. Pauwels proves his claim by a preponderance of the evidence, BNY will prevail in this case if it proves this affirmative defense—that there was a contract that governed the conduct at issue here—by a preponderance of the evidence.

**A. Unjust Enrichment**

To prevail on his claim for unjust enrichment, Mr. Pauwels must prove, by a preponderance of the evidence, that BNY was enriched at his expense, and that it is against equity and good conscience to permit the defendant to retain what is sought to be recovered.

Mr. Pauwels claims that BNY was unjustly enriched at his expense by using and sharing the Pauwels Model and/or the Pauwels Model spreadsheets without his consent. Mr. Pauwels also contends that BNY obtained a valuable benefit, that it never paid him for, by using and sharing the Pauwels Model and/or Pauwels Model spreadsheets without permission. As a result, he claims, it would be against equity and good conscience to permit the Bank to retain this benefit without compensation.

BNY responds that it did not use or benefit from Mr. Pauwels's material in the way that he claims. Instead, BNY asserts that it paid Mr. Pauwels in full for the preparation and delivery of the Pauwels Model and the Pauwels Model spreadsheets, and that it had the right to use them as it wished, including by sending them to Deloitte. BNY contends that it has already paid Mr. Pauwels for the specific benefit that is the subject of his unjust enrichment claim, and there is thus no basis for such a claim.

To prevail on his unjust enrichment claim, Mr. Pauwels must prove each of the following three elements by a preponderance of the evidence.

**First**, Mr. Pauwels must prove by a preponderance of the evidence that BNY was enriched. To satisfy this element, Mr. Pauwels must show that BNY received a benefit from using or sharing the Pauwels Model and/or Pauwels Model spreadsheets that it was not entitled to receive. A "benefit" may consist of money, property, or any other form of advantage, including the value of the Pauwels Model and/or the Pauwels Model spreadsheets. Such a benefit must be specific and must directly benefit BNY. It does not include, however, any cost savings that BNY may have achieved by providing the Pauwels Model and/or Pauwels Model spreadsheets to Deloitte.

**Second**, you must determine whether BNY was enriched at Mr. Pauwels's expense. To satisfy this second element, Mr. Pauwels must show, by a preponderance of the evidence, that the

benefit the Bank received came at his expense—that is, that BNY's gain corresponded to a loss of value, opportunity or control over his work. In other words, you must consider whether BNY obtained a benefit without compensating Mr. Pauwels for the Pauwels Model and/or Pauwels Model spreadsheets he provided.

**Third**, the essential inquiry in any action for unjust enrichment is whether it would be against fairness and good conscience to permit the defendant to retain what is sought to be recovered. Like the other elements, Mr. Pauwels must show this by a preponderance of the evidence. In making this determination, you should consider all of the circumstances surrounding the parties' relationship and any benefit conferred. The question is whether it would be unjust or inequitable for BNY to retain the benefit it received without additional payment to Mr. Pauwels.

If Mr. Pauwels proves each of these three elements by a preponderance of the evidence, he has established a claim for unjust enrichment.

**B. Affirmative Defense – Oral or Implied Contract**

BNY has alleged a contractual affirmative defense as to which it has the burden of proof by a preponderance of the evidence. Even if a plaintiff has established the elements of an unjust enrichment claim, that claim will not survive if a contract governs the same subject matter of that claim. BNY asserts that it entered into a contract with Mr. Pauwels and reached an agreement about whether BNY may, or may not, sell or transfer the Pauwels Model and Pauwels Model spreadsheets to third parties and continue to use them even after the end of its relationship with Mr. Pauwels.

A contract can be written, oral, or implied. A non-written contract may be formed from an oral agreement or implied from the parties' conduct. An oral agreement may constitute an enforceable contract, as long as the terms are clear and definite, and so long as the conduct of the

parties demonstrates mutual assent, also referred to as a "meeting of the minds." An implied contract arises from the inference of mutual assent that may be drawn from the facts and circumstances of the case and the intention of the parties as indicated by their conduct. An implied contract does not differ from an oral agreement except in the manner by which its existence is established: an implied contract arises from conduct, rather than oral assurances. There can be no oral or implied contract if only one party intends to be bound. The law does not create a contract from the assumption of one party.

In determining whether the parties entered into an oral or implied contract, it is the outward expression of intent, rather than the unexpressed intentions of the parties, that controls. Thus, whether the parties intended to express agreement to the contract is governed not by the subjective intentions of either party, but by an objective approach. The manifestation of assent may take the form of written or spoken words, or conduct manifesting an agreement. No single act, phrase or other expression is determinative; instead, the totality of all factors should be considered, given the attendant circumstances, the situation of the parties, and the objectives they were striving to attain. A person's secret intent has no bearing; only the intent indicated by his or its words and conduct may be considered.

To establish its affirmative defense, BNY has the burden of proving, by a preponderance of the evidence, that it entered into a contract with Mr. Pauwels regarding whether BNY may, or may not, sell or transfer the Pauwels Model and Pauwels Model spreadsheets to third parties and continue to use them even after its relationship with Mr. Pauwels ended. If it meets that burden, it will not be held liable for unjust enrichment. If BNY does not meet that burden, its affirmative defense fails.

## III. DAMAGES

If you find in favor of Mr. Pauwels on his unjust enrichment claim, you must also decide the amount of damages that he should be awarded. I will now instruct you on the law for measuring damages.

The fact that I am instructing you as to the proper measure of damages does not indicate any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event that you should find in favor of the plaintiff in accordance with my other instructions.

If you do find that damages should be awarded, you should not take into consideration attorneys' fees or court costs, which will be decided by the court. If you make any award of damages, that award is not subject to federal income taxes and you should not consider such taxes in determining the amount of damages, if any.

The verdict form I will give you will assist you in recording the determinations, if any, that you make as to damages.

### A. Damages – Unjust Enrichment

If you find for Mr. Pauwels on his unjust enrichment claim, you must separately determine the amount of damages that should be awarded to him. To do so, you must determine the amount by which BNY was unjustly enriched. The measure of damages for unjust enrichment is not the harm to the plaintiff, but is the reasonable value of the property, money, or benefit that the defendant received at the plaintiff's expense. It should not, however, include costs and expenses that otherwise would have been payable to third parties. On your verdict sheet, the amount of damages you indicate should be equal to that amount. As I have already noted, this amount should

not include any savings that BNY may have achieved by providing the Pauwels Model and/or Pauwels Model spreadsheets to Deloitte.

Mr. Pauwels bears the burden of proving the reasonable value of BNY's unjust enrichment. In awarding damages—if you decide to award damages—you must be guided by dispassionate common sense. Computing damages can be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork or speculation. If you find that you cannot make a reasonable approximation of the amount of BNY's unjust enrichment, you should not award damages.

Lastly, if you find for Mr. Pauwels on his unjust enrichment claim, you will be asked to provide the earliest ascertainable date that Mr. Pauwels had a claim for unjust enrichment. If you find that Mr. Pauwels incurred damages for unjust enrichment at various times, you may select a single, reasonable intermediate date.

## IV. DELIBERATIONS OF THE JURY

Ladies and gentlemen of the jury, that concludes the substantive portion of my instructions to you. You are about to go into the jury room and begin your deliberations. I will now give you a few final instructions on those deliberations.

### A. Selection and Duties of Foreperson

Before you begin deliberating, you should by your own vote select one of you to sit as your foreperson. The foreperson doesn't have any more power or authority than any other juror, and her vote or opinion doesn't count for any more than any other juror's vote or opinion. The foreperson is merely your spokesperson to the court. She will send out any notes, and when the jury has reached a verdict, she will notify the marshal that the jury has reached a verdict, and you will come into open court and give the verdict.

**B. Right to See Exhibits and Hear Testimony; Communication with the Court**

All of the exhibits admitted into evidence will be sent to the jury room with you. If you want any of the testimony read, you may request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of the testimony. If you want any further explanation of the law as I have explained it to you, you may also request that.

Your requests for testimony—in fact any communications with the court—should be made to me in writing, signed, dated, and timed by your foreperson, and given to one of the marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached and announced in open court by your foreperson.

**C. Notes**

Some of you have taken notes periodically throughout this trial. I want to emphasize to you, as you are about to begin your deliberations, that notes are simply an aid to memory. Notes that any of you may have made may not be given any greater weight or influence than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence. All jurors' recollections are equal. If you can't agree on what you remember the testimony was, you can ask to have the transcript read back.

**D. Duty to Deliberate; Unanimous Verdict**

Shortly, you will retire to decide the case. You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender her conscientious beliefs solely for the purpose of returning a unanimous verdict.

Remember at all times, you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case. Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

If you are divided, do *not* report how the vote stands, and if you have reached a verdict, do not report what it is until you are asked in open court.

**E. Verdict Form**

In a few moments, I will give you the verdict form with the questions for you to answer and you will retire to deliberate your decision.

You should answer every question except where the verdict form indicates otherwise. You should also proceed through the questions in the order in which they are listed.

### F. Return of Verdict

After you have reached a verdict, your foreperson will fill in the form that has been given to you, she will sign and date it, and she will advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you must be in agreement with the verdict which is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

## V. CONCLUSION

In conclusion, I am sure that if you listen to the views of your fellow jurors, if you apply your own common sense, and if you follow my instructions on the law, you will reach a fair verdict here.