**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
ANDRE PAUWELS,

                        Plaintiff,

            -against-

BANK OF NEW YORK MELLON CORPORATION,
et al.,

                     Defendants.

-------------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/24/2026
```

**19-CV-2313 (RA) (KHP)**

**ORDER**
**ON**
**MOTION TO SEAL**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

On February 3, 2026, Defendants Bank of New York Mellon Corporation and Bank of New York Mellon (collectively "BNY" or "Defendants") filed a letter motion to seal and redact certain trial transcripts, exhibits admitted at trial, and docket filings. The proposed redactions seek to protect the identities of non-party entities that sponsor wind energy investments in which BNY participated, the identities of other investors, and the names of related projects. BNY also seeks to seal certain documents, including all Excel spreadsheets admitted into evidence at trial, because those materials disclose project names but also what BNY represents to be highly detailed, competitively sensitive information concerning the performance of the wind energy investments. They argue that public disclosure of this information through court filings would expose BNY to a meaningful risk of violating applicable confidentiality agreements. Plaintiff has not opposed BNY's motion.

The Court has previously granted a motion to seal certain portions of the record that would disclose the identity of non-party investment sponsors and co-investors. (ECF No. 177) BNY now requests sealing and/or redactions of the documents listed in the following table:

(1) DX-15 - PAUWELS_000296;
(2) DX-50 - PAUWELS_000250-330;
(3) PX 8 - PAUWELS_000030-31;
(4) PX 17 - PAUWELS_000245-249;
(5) November 12, 2025 - Trial Transcript;
(6) November 13, 2025 - Trial Transcript;
(7) November 17, 2025 - Trial Transcript;
(8) November 18, 2025 - Trial Transcript;
(9) November 19, 2025 - Trial Transcript;
(10)  DX-07 - BNY_002137-2140;
(11) DX-10 - BNY_0000000309-10;
(12) DX-26 - BNY_0000000244;
(13) Exhibit DX-43 - BNY_0000000281-82;
(14) DX-72 - BNY_0000000307;
(15) DX-76 - BNY_002122-2125;
(16) PX 14 - PAUWELS_000239- 241;
(17) PX 22 - DTAX00000005;
(18) PX 31 - DTAX00000064;
(19) PX 32 - DTAX00000067;
(20) PX 43 - DTAX00000114;
(21) PX 71 - BNY_002022-24;
(22) PX 72 - BNY_002034-40;
(23) PX 74 - BNY_002045-47;
(24) PX 75 - BNY_002048-49;
(25) PX 82 - BNY_002115-2117;
(26) PX 163 - BNY_0000000235;
(27) PX 164 - BNY_0000000238;
(28) PX 169 - BNY_0000000256;
(29) PX 174 - BNY_0000000270;
(30) PX 177 - BNY_0000000293;
(31) PX 181 - BNY_0000000309;
(32) PX 182 - BNY_0000000312;
(33) PX 189 - BNY_0000000385;
(34) PX 199 - BNY_0000000412;
(35) Excel Files Sent Separately to Chambers and Counsel

**LEGAL STANDARD**

The First Amendment accords a strong presumption of public access to pleadings and

other judicial documents that "have historically been open to the press and general public" and

"play[ ] a significant positive role in the functioning of the [judicial] process[.]" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (internal quotation marks and citation omitted); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). The Second Circuit has held that this presumption applies to complaints filed in civil actions, *Bernstein*, 814 F.3d at 140, as well as "pretrial motions and written documents submitted in connection with them, and docket sheets." *Newsday LLC v. County of Nassau*, 730 F.3d 156, 164 (2d Cir. 2013) (citations omitted). A document is judicial if it "would reasonably have the tendency to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019).  However, "the right to inspect . . . judicial records is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

Once triggered, the First Amendment "requires a court to make specific, rigorous findings before sealing [a] document or otherwise denying public access" to the judicial record. *Bernstein*, 814 F.3d at 141 (internal quotation marks and citation omitted). "[T]he presumptive right of access prevails unless it is overcome by specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Newsday*, 730 F.3d at 165 (internal quotation marks and citation omitted). This is because "[w]hat offends the First Amendment is the attempt to [exclude the public] without sufficient justification, not the simple act of exclusion itself." *Id*. (alteration in original) (internal quotation marks and citation omitted). Thus, once a document is "judicial," the presumption of

3

public access is weighed against the "danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). "[E]ven if material is properly designated as Confidential or Highly Confidential by a protective order governing discovery, that same material might not overcome the presumption of public access once it becomes a judicial document." *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015).

A protective order or a prior grant of sealing for particular material does not necessarily carry over to protect the same material when it is later filed.  *See e.g., Rouviere v. Howmedica Osteonics Corp.*, 645 F.Supp.3d 157 (S.D.N.Y. 2022).  A district court must therefore conduct a document-specific analysis, distinguishing among the documents at issue and applying the applicable presumption based on the circumstances under which each document is presented. *Standard Inv. Chartered, Inc. v. National Ass'n of Sec. Dealers, Inc.*, 621 F.Supp.2d 55, 62-69 (S.D.N.Y. 2007).

## DISCUSSION

Despite BNY's statement to the contrary,[1] trial exhibits admitted into evidence are judicial documents carrying the highest presumption of public access.  *See Mirlis v. Greer*, 952 F.3d 51 (2d Cir. 2020) (judicial documents include "any item entered into evidence at a public

---

[1] Defendants argue that the documents are not judicial documents because they are not necessary to the judicial function as they were, in sum and substance, included to give the jury a full picture of the investment process to better understand Plaintiff's role.  However, at least one court in this District has found that while case law on the right of access is "generally couched in terms of ensuring public oversight of *the judge's* function . . . [t]he public has a similar right to access documents presented to *the jury*."  *United States v. Akhavan*, 532 F.Supp.3d 181, 186 (S.D.N.Y. 2021) (emphasis in original).

session of trial, excluding only those items entered under seal[.]") (quoting *Application of CBS, Inc.*, 828 F.2d 958, 959 (2d Cir. 1987)); *Akhavan*, 532 F.Supp.3d at 186 (exhibits presented to the jury are judicial documents to which "an 'especially strong' common law presumption of access applies.") (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).  Trial transcripts are treated similarly.  *See Application of New York Times Co.,* 708 F.Supp. 603, 606 (S.D.N.Y. 1989) (unsealing portion of trial transcript to the public as trial was ongoing and finding that a court could not deny the public access without articulating its basis for doing so).

After carefully reviewing the documents that Defendants ask be sealed or remain on the public docket in redacted form, the Court finds that Defendants have met their burden in that the proposed sealing and redactions are narrowly tailored and that the relevant privacy and business interests outweigh the public's right of access to these judicial documents.   Put differently, Defendants have made a sufficient showing that has allowed this Court to make an on the record finding that sealing is "essential to preserve higher values."  *See In re New York Times Co.,* 828 F.2d 110, 116 (2d Cir. 1987).  The proposed redactions are limited to information implicating legitimate privacy interests, including personal identifying information, sensitive financial, account, or trade information, and other non-public information concerning individuals who are not central to the merits of the parties' dispute.  The existence of sponsor-investor relationships, co-investor relationships, and the details of these investments including non-public project names are, in this instance, sufficiently sensitive to warrant redaction.  *See Avocent Redmond Corp. v. Raritan Americas, Inc*., No. 10 Civ. 6100 (PKC), 2012 WL 3114855, at *16 (S.D.N.Y. July 31, 2012) (granting motion to seal analogous information from the public

5

docket).  As Defendants express, exposing this information could indeed "harm confidence in [D]efendants' future agreements including non-disclosure agreements and disclosure would negatively impact the entities' negotiating capabilities" or adversely impact the ongoing or future business relationship between Defendants and a non-party entity who relies on a confidentiality agreement.  *Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*, No. 13 Civ. 1654 (RA) (HBP), 2015 WL 4298572, at *4 (S.D.N.Y. July 15, 2015).  Moreover, the proposed redactions do not obscure the nature of the parties' arguments, the basis for the relief sought, or the information necessary for the public to understand the Court's adjudicative function. Accordingly, the public's interest in access is substantially preserved despite the closure.

## CONCLUSION

For the above stated reasons, BNY's motion to seal is GRANTED.

**The Clerk of Court is respectfully directed to terminate the motion at ECF No. 278.**

**SO ORDERED.**

Dated: New York, New York
        June 24, 2026

_____
KATHARINE H. PARKER
United States Magistrate Judge

6